UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAN SINGH S., <br><br>Petitioner, <br><br>v. <br><br>TONYA ANDREWS, Administrator of Golden State Annex Detention Facility; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, <br><br>Respondents. | No. 1:26-cv-00416-KES-EPG (HC) <br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br>Doc. 1 |

Petitioner Karan Singh S. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously addressed the legal issues raised by count two of the petition.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 4. Respondents confirm that "[t]here appears to be no substantive distinctions between this case and the cases the Court cited in its minute order." Doc. 7 at 2. Respondents agree that judicial economy weighs in favor of the Court ruling directly on the petition and they indicate that they waive oral argument. *Id.*

Respondents argue that "Petitioner is subject to mandatory detention under § 1225(b)(1), not § 1225(b)(2)(A)." Doc. 7 at 5. The Court finds that petitioner is not subject to § 1225(b)(1). Respondents state that their records confirm that petitioner "was given an Order of Recognizance (OREC) [under INA § 236/8 USC § 1226(a)(2)]." Doc. 7 at 2. The Form-1220A Order of Release on Recognizance "declare[s] that" a noncitizen has been released "[i]n accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226]."[2] *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). Immigration officials implicitly determined that petitioner was not subject to § 1225(b) when they released him on his own recognizance pursuant to 8 U.S.C. § 1226(a).

Moreover, section 1225(b)(1) applies to "an alien . . . who is arriving in the United States or . . . [a]n alien . . . who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility . . . ." 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II). As Respondents concede that immigration authorities released petitioner on conditional parole pursuant to 8 U.S.C. § 1226(a), he is not "[a]n alien . . who has not been admitted or paroled." Doc. 7 at 2; *see* 8 U.S.C. § 1226(a) (permitting the government to release a detainee on "bond" or "conditional parole"). Additionally, as someone who has been physically present for an extended

---

[2] "[T]he phrase 'release on recognizance' [is] another name for 'conditional parole' under § 1226(a)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

1  period of time, petitioner is not "an alien . . . who is arriving in the United States." *See Al Otro*
2  *Lado v. Wolf*, 952 F.3d 999, 1012 (9th Cir. 2020) (explaining that a "person standing at the border
3  is ... [at] the penultimate stage in the process of arriving in the United States" within the meaning
4  of section 1225).³

5  As respondents have not made any other new legal arguments and have not identified any
6  factual or legal issues in this case that would distinguish it from the Court's prior decisions in
7  *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,
8  2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal.
9  Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL
10 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to
11 count two, for the reasons stated in those prior orders.⁴

12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///

---

³ Respondents also argue that § 1225(a)(1), which defines the term "applicant for admission," makes clear that § 1225(b)(1) applies to a noncitizen "present in the United States." Doc. 7 at 5 (citing 8 U.S.C. § 1225(a)(1)). But the text of section 1225(b)(1) states that it applies to "an alien . . .who is arriving in the United States or . . . [a]n alien . . . who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility . . . ." 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II). The term "applicant for admission" is absent from 8 U.S.C. § 1225(b)(1). To the extent respondents argue that 8 U.S.C. § 1225(b)(2)(A) applies, that argument is incorrect for the reasons stated in *Crispin M.C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026).

⁴ The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on this count.

     Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

     The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   January 23, 2026

_____
UNITED STATES DISTRICT JUDGE